In the matter of the guardianship of DAVIS LEE COX, a minor.

[Decided May 23d, 1934.]

*Mr. Paul M. Salsburg,* for the appellant.

*Mr. Albert N. Shahadi,* for the respondent.

SOOY, VICE-ORDINARY.

Davis Lee Cox is a minor and an orphan whose mother and father died in March of 1933 when the infant was aged twenty-two months. The infant is possessed of an estate consisting of the proceeds of life insurance policies which had been taken out by his parents during their lifetime.

After the death of the infant's parents the maternal grandparents assumed the custody of the infant and, in May of 1933, Mattie Cox, the paternal grandmother, filed her petition asking that she be appointed guardian of the person and estate of the infant, and such proceedings were had under the petition that the orphans court of Atlantic county, on October 9th, 1933, ordered:

"That the care and custody of Davis Lee Cox, said minor, be committed to the petitioner, Mattie Cox, for a period of six months from the date of this order, with the right of visitation by the said maternal grandparents, Harry Lee and Cyler Lee, between the hours of three and five o'clock, each day, during the aforesaid period."

The maternal grandparents have appealed from the order of the orphans court to this court and allege that the order is erroneous for the following reasons:

"1. Because the orphans court on an application for letters of guardianship can decide only the issue before it, and cannot award custody of a minor in that proceeding.

2. Because the custody of a minor can only be awarded by the orphans court in a proceeding when a petition praying for custody is filed specifically for that purpose, and wherein that is the issue.

3. Because custody is not the issue to be determined by the court upon an application for letters of guardianship.

4. Because on an application for letters of guardianship, the issue is the appointment of a guardian for the estate and person of a minor, and this cannot be divided nor done piecemeal."

A reading of the order of the orphans court sets forth this statement by the presiding judge:

"This court has given this matter considerable thought and consideration, and does not, at this time, desire to dispose of the legal question as to which grandparent is the most capable, in assuming the custody and guardianship of said minor child, and has very carefully observed the treatment and supervision of said minor child while it has been in the custody of its maternal grandparents, Harry Lee and Cyler Lee, who have assumed the same for the past six months, and in order for this court to be in a better position to adequately dispose of this matter, * * * Frank F. Cox and Mattie Cox should also have a period of six months, in assuming the care and custody of said minor child, so that this court may also observe the manner in which they may be capable of taking care of said minor child."

It is quite apparent that the orphans court has not made any order definitely disposing of the ultimate guardian to be appointed of the person and estate of the infant, but that it is attempting to exercise great care in the ultimate selection, to the end that the final order may be for the best interest

of the infant, irrespective of the desire of the two sets of grandparents with reference to the care and custody of the grandchild.

The statute provides, *section 37 of the Orphans Court act* (*3 Comp. Stat. p. 3326*), that upon applications for the appointment of a guardian of an orphan, "where an orphan is under the age of fourteen years * * * may apply to the orphans court * * * for the guardianship of such orphan, who, *upon inquiry into the circumstances of the case,* may admit one or more of them * * * to be guardian or guardians of such orphan."

The underlying purpose of the legislature in permitting the orphans court to make "inquiry into the circumstances of the case" was in order that the court might have before it all information and data upon which it could decide that which was for the best interest and protection of the infant and the infant's estate. It appeared to the court that for a period of six months one set of grandparents had cared for the child, and in order that it might determine that which was for the best interest of the child, it ordered that the other set of grandparents take the custody of the child, under the supervision of the court, in order that the court might have before it the necessary facts upon which to make its important decision, and the question is—did the court exceed its jurisdiction in so doing? It is not a question as to whether or not the court may ultimately divide the guardianship as to person and estate, but a question as whether or not, for its information, it had a right to test both sets of grandparents as to their fitness to care for the child and its estate. If the order had been that one person should have the guardianship of the estate and the other of the person, the order would have been erroneous.

The maternal grandparents had no right, superior to the paternal grandparents, to the custody of either the person or estate of the infant. The legal rights of each set of grandparents are equal. *Albert v. Perry, 14 N. J. Eq. 540; In re Anne Turner, 19 N. J. Eq. 433, 436.*

Upon the institution of the proceedings in the orphans court the child became, in the law, a ward of the court (*31 C. J. 990 § 9b*), and, pending final determination, the orphans court was empowered to make such preliminary order for the child's temporary custody and care as it deemed fit. *31 C. J. 993 § 12.*

It seems to me to have been clearly within the power of the court to make the order appealed from, when it appears that the purpose of the order was that the court might be informed as to those things which the statute said it must acquaint itself with before making an order.

It is contended by appellant that the matter before the court for determination on the application for the guardianship was not the possession of the child, and this is true, but the court has not determined the ultimate custody of the child, but has made an order that, if carried out, will enable the court to eventually pass on the question before it, to wit, the custody of the person and estate of the child.

No testimony as adduced at the hearing in the orphans court has been presented to me, but it is apparent that both appellant and respondent attended the orphans court hearing for the purpose of having it pass on the question of a guardian of both the person and estate of the infant, and that both appeared before the court prepared to establish their fitness for the trust and, while it may be that the orphans court took no testimony, I am of the opinion that it had the right, before proceeding to take further, or even any testimony, to acquaint itself with the ability of Mrs. Cox to take care of the child, as compared with that of Mrs. Lee.

The result is that the order will be affirmed, with costs against appellant.